UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA MAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV166 HEA |
| | ) | |
| CONSUMER ADJUSTMENT | ) | |
| COMPANY, INC., et al., | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

This litigation is before the Court having been removed to this Court pursuant to 28 U.S.C. § 1446(a), based on the Court's federal question jurisdiction, 28 U.S.C. § 1331.

It is now before the Court on Defendants' Motion to Dismiss. [Doc. No. 10]. Plaintiff has filed a response in opposition to the motion. [Doc. No. 12]. Defendants have filed a Reply. [Doc. No. 13]. Plaintiff further filed a supplement to her response. [Doc. No. 17]. For the reasons set forth below, the Motion is granted.

### Facts and Background[1]

Plaintiff Donna May filed this putative class action in the Circuit Court of Jefferson County, alleging that Defendants Consumer Adjustment Company, Inc. and Roger Weiss violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by sending Plaintiff a collection letter for her overdue utility bill that stated the full amount of the debt without informing her that the amount owed included interest, and that the interest would continue to accrue until the debt was paid. Plaintiff alleges that Defendants, who are "debt collectors," as defined by the FDCPA, attempted to collect a debt that arose from utilities

---

[1] The recitation of facts is taken from Plaintiffs' First Amended Complaint and are taken as true for the purposes of this motion. Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.

provided by Ameren Missouri. Neither party has filed the collection letter in question with the Court.

### Standard

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead facts from which the court can draw a "reasonable inference" of liability. *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations" but must contain more than mere "labels and conclusions, and a formulaic recitation of the elements" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *id.* at 679, which "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

In evaluating a motion to dismiss, the court can "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Turning to any "well-pleaded factual allegations," the court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court may only consider the initial pleadings. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 799 (8th Cir. 2011).

### Discussion

Plaintiff's sole claim in this action is that Defendants violated § 1692g(a)(1) of the FDCPA, which requires debt collectors to state the amount of debt in collection letters. Plaintiff

predicates this claim on her interpretation of a line of Seventh Circuit cases. *See, e.g.*, *Chuway v. Nat. Action Fin. Servs.*, 362 F.3d 944 (7th Cir. 2004); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872 (7th Cir. 2000). Under this Court's interpretation of the relevant Seventh Circuit cases and, more importantly, the FDCPA, Plaintiff has failed to state a claim under the FDCPA. Accordingly, the Court will grant Defendants' Motion and Plaintiff will be given leave to amend.

**A.     The FDCPA**

"The FDCPA was enacted 'to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *McIvor v. Credit Control Servs.*, 773 F.3d 909, 913 (8th Cir. 2014) (alteration in original) (quoting 15 U.S.C. § 1692(e)). Alleged violations of the FDCPA are "reviewed utilizing the unsophisticated-consumer standard which is 'designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder.'" *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000)). This standard is intended to "protect[] the uninformed or naive consumer," while maintaining "an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id.* at 317–18.

Under the FCDPA, debt collectors must send a written validation notice to consumer debtors within five days of initial communication with the consumer regarding the collection of a debt. 15 U.S.C. § 1692g(a). The FDCPA requires the written notice to include information such as: the amount of the debt, 15 U.S.C. § 1692g(a)(1); the name of the creditor, 15 U.S.C. § 1692g(a)(2); "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by

the debt collector[,]" 15 U.S.C. § 1692g(a)(3); "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed," the debt collector will provide verification of the debt, 15 U.S.C. § 1692g(a)(4); and "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the name and address of the original creditor, if different from the current creditor," 15 U.S.C. § 1692g(a)(5).

**B.     The Amount of the Debt**

Subsection 1692g(a)(1) of the FDCPA is at issue here. That provision requires debt collectors to convey to consumers the "amount of the debt." 15 U.S.C. 1692g(a)(1). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Relying primarily on *Miller*, Plaintiff alleges that Defendants' collection letter violated 1692g(a)(1) because the letter listed the full amount of the debt without informing Plaitniff that the amount owed included interest, and that the interest would continue to accrue until the debt was paid. The collection letter in *Miller* listed the unpaid principal balance of the loan and stated:

> [T]his amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures.

214 F.3d at 875.

The Seventh Circuit found that the letter violated the FDCPA because "[t]he unpaid principal balance is not the debt; it is only a part of the debt; the [FDCPA] requires; statement of the debt." *Id.* The Seventh Circuit held that the FDCPA requires the letter "to state the total

amount due—interest and other charges as well as principal—on the date the . . . letter was sent." *Id.* The Court agrees that this is a requirement of the FDCPA. The parties do not appear to dispute that the letter at issue here stated the total amount of debt due on the date the letter was sent and, thus, met this requirement.

However, Plaintiff bases her claim on a suggestion the *Miller* court made to debt collectors. "[I]n an effort to minimize litigation under the [FDCPA]," the *Miller* court, in the Seventh Circuit, stated the following "safe harbor" language will be sufficient to satisfy a debt collector's duty to state the "amount of the debt" in its collection letters:

> "As of the date of this letter, you owe $ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number]."

*Id.* at 876. The *Miller* court noted, "[o]f course we do not hold that a debt collector *must* use this form of words to avoid violating the statute; but if he does, and . . . does not add other words that confuse the message, he will as a matter of law have discharged his duty to state clearly the amount due." *Id.*

Some district courts have interpreted *Miller* as *requiring* "safe harbor" language like that quoted above in order to satisfy § 1692g(a)(1)'s requirement that a debt collection letter state the "amount of the debt." *See, e.g*, *Marucci v. Cawley & Bergmann, LLP*, 2014 U.S. Dist. LEXIS 172852, at *17 (D.N.J. Dec. 15, 2014) (holding that "debt collectors must disclose the accrual of interest to satisfy the obligation to 'state the amount of the debt,'" and collecting cases); *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010) ("[W]hen a debt is accruing interest, a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable

interest rate.")._2_ Other district courts have found that *Miller* merely offered helpful, though not required, language. *See, e.g.*, *Leffler v. Miller & Steeno, P.C.*, 2014 U.S. Dist. LEXIS 55297, at * 12 (E.D. Mo. Apr. 22, 2014) ("*Miller* does not require that a collection letter include 'safe harbor' language advising a consumer that interest may be accruing on a debt. Instead, the language was suggested as a way to minimize debt collection litigation—a suggestion whose validity is supported by the present litigation."); *Adlam v. FMS, Inc.*, 2010 U.S. Dist. LEXIS 33433, at *8 (E.D.N.Y. Apr. 5, 2010) ("The FDCPA does not require that a debt collection letter warn a consumer that the debt may increase.").

In *Chuway*, the Seventh Circuit clarified that, in its view, when the full amount of debt that is due on the date of the collection letter is listed on the letter, and represents the entire debt which the debt collector is trying to collect, § 1692g(a)(1) is satisfied. 362 F.3d at 949. However, the *Chuway* court further explained that when "the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he *should* use the safe-harbor language of *Miller*." *Id.* (emphasis added). There was no dispute in *Chuway* that the "entire debt," which the debt collector was hired to collect was the amount listed in the letter. *Id.* at 946. The collection letter listed the balance due as of the date of the letter and stated, in pertinent part:

> [Capital One Services, Inc.] has assigned your delinquent account to our agency for collection. Please remit the balance listed above in the return envelope provided. To obtain your most current balance information, please call 1-800-916-9006. Our friendly and experienced representatives will be glad to assist you and answer any questions you may have.

*Id.* at 947.

---

[2] Plaintiff submitted with her supplement an opinion from the Jefferson County Circuit Court holding that *Miller* requires a collection letter to use "safe harbor" language in order to satisfy § 1692g(a)(1) of the FDCPA. [Doc. No. 17-3]. Plaintiff also submitted with her original response an order from another Judge in the Jefferson County Circuit Court, denying, without a reasoned opinion, a motion to dismiss a FDCPA case predicated on the same grounds. This Court has given these state trial court interpretations of the FDCPA, a federal statute, respectful consideration. *See Honeywell, Inc. v. Minnesota Life & Health Ins. Guar. Ass'n*, 110 F.3d 547, 552 (8th Cir. 1997) (noting that, while "federal courts 'accord respectful consideration and great weight to *the views of the State's highest court*,'" federal courts "'cannot surrender the duty to exercise [their] own judgment'" when considering a federal question) (emphasis added) (quoting *General Motors Corp. v. Romein*, 503 U.S. 181, 187 (1992)).

The *Chuway* court noted that if the collection letter had stopped after the sentence "Please remit the balance listed above in the return envelope provided," it would have been compliant with § 1692g(a)(1), notwithstanding the fact that the letter did not contain the "safe harbor" language from *Miller*, or any reference to interest whatsoever. *Id.*; *see also* Exhibits A and B to Complaint, *Chuway v. Nat'l Action Fin. Servs.*, No. 02-cv-1247 (N.D. Ill. Feb. 21, 2002) (ECF No. 1 at 6–7) (collection letter at issue in *Chuway*). The court in *Chuway* distinguished *Miller* on the grounds that the letter in *Miller* violated the FDCPA by listing only the "unpaid principal balance," in contrast to the letter in *Chuway*, which appropriately listed the "*entire* debt that the [debt collector] was hired to collect." *Id.* at 947. The court explained:

> The credit card company, which is to say the creditor, not the debt collector, may charge the plaintiff interest on the $367.42 between when that debt accrued and when the plaintiff finally pays and may add the interest accruing in the interim to the plaintiff's current balance. But that would not be a part of "the amount of the debt" for which the defendant was dunning her, and hence it would not precipitate a violation by the defendant. It would be as if between when the $367.42 debt was turned over to the defendant for collection and when the plaintiff received the dunning letter, the plaintiff had defaulted on a separate debt that she owed the credit card company. The fact that the defendant didn't add that to the debt for which it had been retained to dun the plaintiff would not result in a violation of the statute. Quite the contrary, for a debt collector has no authority to collect debts that it has not been authorized by a creditor to collect; nor was the defendant trying to do that.

*Id.*

Thus, under the Seventh Circuit case law upon which Plaintiff relies, a debt collector does not violate § 1692g(a)(1) of the FDCPA by listing the total amount due as of the date of the letter and failing to identify some of it as interest that has accrued on the original principal. Further, even assuming, *arguendo*, that the Court were to find that § 1692g(a)(1) requires the "safe harbor" language from *Miller* when the debt collector seeks both the amount listed on the letter and the interest accruing on that amount from the date the letter is sent,[3] Plaintiff's

---

[3] The Court makes no holding with regard to this issue at this stage of the proceedings.

Complaint would fail to state a claim. Although Plaintiff alleges that she "discovered after review of her final bill from Ameren that the amount Defendants attempted to collect was higher than the amount of the final bill," [Doc. No. 1-1 at ¶ 14], and that "Defendants['] June 19 letter was thus false and misleading because it did not disclose that interest was accruing and would continue to accrue on Plaintiff's balance," [*id.* at ¶ 15], Plaintiff does not allege that *Defendants* were attempting to collect interest beyond what was factored into the amount due as listed in the collection letter. For example, Plaintiff alleges that "Defendants' collection letter did not contain any safe harbor language that explained to Plaintiff that due to interest, late charges, and other charges that may vary from day to day, the amount due on the day Plaintiff would pay might be greater than the amount due contained in the collection letter." [*Id.* at ¶ 16]. However, Plaintiff does not allege that Defendants (the debt collectors), as opposed to Ameren (the creditor), were seeking to collect this additional amount of interest and/or charges that Plaintiff *might* have to pay. *See Chuway*, 362 F.3d at 947.

Accordingly, even under the interpretation of the Seventh Circuit standard upon which Plaintiff relies, Plaintiff has failed to state a claim for relief for a violation of § 1692g(a)(1) of the FDCPA.

**Conclusion**

Based on the foregoing, the Court grants Defendants' Motion to Dismiss. Plaintiff will be given leave to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion to Dismiss [Doc. No. 10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this

Opinion, Memorandum and Order to file an amended complaint.

Dated this 5th day of February, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE