UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DONNA MAY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV166 HEA |
| | ) | |
| CONSUMER ADJUSTMENT | ) | |
| COMPANY, INC., et al., | ) | |
| | ) | |
| Defendants, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This litigation is before the Court having been removed to this Court pursuant to 28 U.S.C. § 1446(a), based on the Court's federal question jurisdiction, 28 U.S.C. § 1331.

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. [Doc. No. 24]. Plaintiff has filed a response in opposition to the motion. [Doc. No. 28]. Defendants have filed a Reply. [Doc. No. 31]. For the reasons set forth below, the Motions is granted in part and denied in part.

**Procedural Background**

Plaintiff Donna May filed this putative class action in the Circuit Court of Jefferson County, alleging that Defendants Consumer Adjustment Company, Inc. ("CACi") and Roger Weiss violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by sending Plaintiff a collection letter for her overdue utility bill that stated the full amount of the debt without informing her that the amount owed included interest, and that the interest would continue to accrue until the debt was paid. Plaintiff alleges that Defendants, who are "debt collectors," as defined by the FDCPA, attempted to collect a debt that arose from utilities provided by Ameren Missouri.

On February 5, 2015 the Court granted Defendants' Motion to Dismiss, and dismissed Plaintiff's Complaint, with leave to amend. Plaintiff filed her Amended Complaint on February 19, 2015, and Defendants again request dismissal.

## Factual Background[1]

Plaintiff allegedly incurred a debt to Ameren Missouri. Ameren hired Defendant CACi, to collect the debt. Defendant Weiss is CACi's principal officer. Defendants sent Plaintiff a collection letter dated June 19, 2013 stating that she owed $495.02.[2] Defendants did not provide Plaintiff any indication that the amount Plaintiff purportedly owed, and for which Defendants were demanding payment, would change for any reason. In reality, Defendants, and not Ameren as the original creditor, were actively assessing and attempting to collect interest on the debt beyond what was factored into the amount due that Defendants listed on their collection letter. Plaintiff alleges that at the time Defendants sent the collection letter, neither Defendants nor Ameren was in possession of the original contract or agreement that permitted the assessment of interest on Plaintiff's Ameren account, much less at the rate Defendants were assessing and attempting to collect.

After receiving Defendants' collection letter, Plaintiff compared the amount Defendants were attempting to collect with the last bill she received from Ameren a few days prior. The Ameren bill stated that Plaintiff was only obligated to pay $493.92. On July 9, 2013, Plaintiff called CACi to inquire why the two amounts were different. During the call, a representative of Defendants admitted to charging interest, and attempted to collect an amount in excess of the balance disclosed within the June 19, 2013 collection letter—approximately $497. Because interest was constantly accruing, the amount Defendants were attempting to collect in the June

---

[1] The recitation of facts is taken from Plaintiff's First Amended Complaint and are taken as true for the purposes of this motion. Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.

[2] Neither party has filed the collection letter in question with the Court.

19, 2013 collection, $495.02, was less than the amount Defendants were attempting to collect from Plaintiff on the day she received the letter.

**Standard**

A complaint must set out a "short and plain statement of [a plaintiff's] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To test the legal sufficiency of a complaint, a defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead facts from which the court can draw a "reasonable inference" of liability. *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations" but must contain more than mere "labels and conclusions, and a formulaic recitation of the elements" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *id.* at 679, which "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

Under *Twombly* and *Iqbal*, "[a] plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). If the plaintiff "inform[s] the [defendant] of the factual basis for [her] complaint, [she] [is] required to do no more to stave off threshold dismissal for want of an adequate statement of [her] claim." *Id.*

In evaluating a motion to dismiss, the court can "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Turning to any "well-pleaded factual allegations," the court should

"assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court may only consider the initial pleadings. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 799 (8th Cir. 2011).

## Discussion

In the sole count of Plaintiff's Amended Complaint, she claims that Defendants violated four provisions of the FDCPA: 1) Section 1692g(a)(1), which requires debt collectors to state the amount of debt in collection letters; 2) Section 1692e(2)(A), which prohibits the false representation of the character, amount, or legal status of any debt; 3) Section 1692d, which prohibits conduct that harasses, oppresses, or abuses debtors; and 4) Section 1692f(1), which prohibits collection of an amount not expressly authorized by the agreement creating the debt and not permitted by law. The Court finds that Plaintiff has stated a claim for alleged violations of Sections 1692g(a)(1) and 1692e(2)(A), but not for the alleged violations of Sections 1692f(1) and 1692d. Accordingly, the Court will grant in part and deny in part Defendants' Motion to Dismiss.

**A.     The FDCPA**

"The FDCPA was enacted 'to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *McIvor v. Credit Control Servs.*, 773 F.3d 909, 913 (8th Cir. 2014) (alteration in original) (quoting 15 U.S.C. § 1692(e)). Alleged violations of the FDCPA are "reviewed utilizing the unsophisticated-consumer standard which is 'designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder.'" *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000)). This standard is intended to "protect[] the uninformed or naive

consumer," while maintaining "an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id.* at 317–18.

Under the FDCPA, debt collectors must send a written validation notice to consumer debtors within five days of initial communication with the consumer regarding the collection of a debt. 15 U.S.C. § 1692g(a). The FDCPA requires the written notice to include information such as: the amount of the debt, 15 U.S.C. § 1692g(a)(1); the name of the creditor, 15 U.S.C. § 1692g(a)(2); "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[,]" 15 U.S.C. § 1692g(a)(3); "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed," the debt collector will provide verification of the debt, 15 U.S.C. § 1692g(a)(4); and "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the name and address of the original creditor, if different from the current creditor," 15 U.S.C. § 1692g(a)(5).

**B.     15 U.S.C. §§ 1692g(a)(1) and 1692e(2)(A): The Amount of the Debt**

The Court will address together Plaintiff's claims for violations of § 1692g(a)(1), requiring debt collectors to state the amount of debt in collection letters, and § 1692e(2)(A), prohibiting the false representation of the character, amount, or legal status of any debt. *See Ray v. Resurgent Capital Servs., L.P.*, 2015 U.S. Dist. LEXIS 69391, at *15–16 (E.D. Mo. May 29, 2015). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

### 1. Plaintiff's Initial Complaint

In her initial Complaint, Plaintiff relied primarily on a line of Seventh Circuit cases to argue that Defendants' collection letter violated these provisions because the letter listed the full amount of the debt without informing Plaintiff that the amount owed included interest, and that the interest would continue to accrue until the debt was paid. *See, e.g.*, *Chuway v. Nat. Action Fin. Servs.*, 362 F.3d 944 (7th Cir. 2004); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872 (7th Cir. 2000). The collection letter in *Miller* listed the unpaid principal balance of the loan and stated:

> [T]his amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures.

214 F.3d at 875.

The Seventh Circuit found that the letter violated the FDCPA because "[t]he unpaid principal balance is not the debt; it is only a part of the debt; the [FDCPA] requires; statement of the debt." *Id.* The Seventh Circuit held that the FDCPA requires the letter "to state the total amount due—interest and other charges as well as principal—on the date the . . . letter was sent." *Id.* This Court agreed that this is a requirement of the FDCPA, and noted that the parties did not dispute that the letter at issue stated the total amount of debt due on the date the letter was sent and, thus, met this requirement.

However, Plaintiff based her claim in her initial Complaint on a suggestion the *Miller* court made to debt collectors. "[I]n an effort to minimize litigation under the [FDCPA]," the *Miller* court stated that, in the Seventh Circuit, the following "safe harbor" language will be sufficient to satisfy a debt collector's duty to state the "amount of the debt" in its collection letters:

> "As of the date of this letter, you owe $ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number]."

*Id.* at 876. The *Miller* court noted, "[o]f course we do not hold that a debt collector *must* use this form of words to avoid violating the statute; but if he does, and . . . does not add other words that confuse the message, he will as a matter of law have discharged his duty to state clearly the amount due." *Id.*

Some district courts have interpreted *Miller* as *requiring* "safe harbor" language like that quoted above in order to satisfy § 1692g(a)(1)'s requirement that a debt collection letter state the "amount of the debt." *See, e.g*, *Marucci v. Cawley & Bergmann, LLP*, 2014 U.S. Dist. LEXIS 172852, at *17 (D.N.J. Dec. 15, 2014) (holding that "debt collectors must disclose the accrual of interest to satisfy the obligation to 'state the amount of the debt,'" and collecting cases); *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010) ("[W]hen a debt is accruing interest, a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable interest rate."). Other district courts have found that *Miller* merely offered helpful, though not required, language. *See, e.g.*, *Leffler v. Miller & Steeno, P.C.*, 2014 U.S. Dist. LEXIS 55297, at *12 (E.D. Mo. Apr. 22, 2014) ("*Miller* does not require that a collection letter include 'safe harbor' language advising a consumer that interest may be accruing on a debt. Instead, the language was suggested as a way to minimize debt collection litigation—a suggestion whose validity is supported by the present litigation."); *Adlam v. FMS, Inc.*, 2010 U.S. Dist. LEXIS 33433, at *8 (E.D.N.Y. Apr. 5, 2010) ("The FDCPA does not require that a debt collection letter warn a consumer that the debt may increase.").

In *Chuway*, the Seventh Circuit clarified that, in its view, when the full amount of debt that is due on the date of the collection letter is listed on the letter, and represents the entire debt which the debt collector is trying to collect, § 1692g(a)(1) is satisfied. 362 F.3d at 949. However, the *Chuway* court further explained that when "the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he *should* use the safe-harbor language of *Miller*." *Id.* (emphasis added). There was no dispute in *Chuway* that the "entire debt," which the debt collector was hired to collect was the amount listed in the letter. *Id.* at 946. The collection letter listed the balance due as of the date of the letter and stated, in pertinent part:

> [Capital One Services, Inc.] has assigned your delinquent account to our agency for collection. Please remit the balance listed above in the return envelope provided. To obtain your most current balance information, please call 1-800-916-9006. Our friendly and experienced representatives will be glad to assist you and answer any questions you may have.

*Id.* at 947.

The *Chuway* court noted that if the collection letter had stopped after the sentence "Please remit the balance listed above in the return envelope provided," it would have been compliant with § 1692g(a)(1), notwithstanding the fact that the letter did not contain the "safe harbor" language from *Miller*, or any reference to interest whatsoever. *Id.*; *see also* Exhibits A and B to Complaint, *Chuway v. Nat'l Action Fin. Servs.*, No. 02-cv-1247 (N.D. Ill. Feb. 21, 2002) (ECF No. 1 at 6–7) (collection letter at issue in *Chuway*). The court in *Chuway* distinguished *Miller* on the grounds that the letter in *Miller* violated the FDCPA by listing only the "unpaid principal balance," in contrast to the letter in *Chuway*, which appropriately listed the "*entire* debt that the [debt collector] was hired to collect." *Id.* at 947. The court explained:

> The credit card company, which is to say the creditor, not the debt collector, may charge the plaintiff interest on the $367.42 between when that debt accrued and when the plaintiff finally pays and may add the interest accruing in the interim to the plaintiff's current balance. But that would not be a part of "the amount of the debt" for which the defendant was dunning her, and hence it would not precipitate a violation by the defendant. It would be as if between when the $367.42 debt was

> turned over to the defendant for collection and when the plaintiff received the dunning letter, the plaintiff had defaulted on a separate debt that she owed the credit card company. The fact that the defendant didn't add that to the debt for which it had been retained to dun the plaintiff would not result in a violation of the statute. Quite the contrary, for a debt collector has no authority to collect debts that it has not been authorized by a creditor to collect; nor was the defendant trying to do that.

*Id.*

Thus, under the Seventh Circuit case law upon which Plaintiff relied, a debt collector does not violate § 1692g(a)(1) of the FDCPA by listing the total amount due as of the date of the letter and failing to identify some of it as interest that has accrued on the original principal. Nor does the Seventh Circuit require *Miller's* safe harbor language when the amount due stated in the letter represents the entire debt the collector has been hired to collect, notwithstanding the fact that the original creditor might be collecting still-accruing interest on that amount.

In granting Defendants' initial motion to dismiss, this Court found, even assuming *arguendo* that § 1692g(a)(1) requires language akin to *Miller's* "safe harbor" language when the debt collector seeks both the amount listed on the letter and the interest accruing on that amount from the date the letter is sent, Plaintiff's initial Complaint failed to state a claim. Although Plaintiff alleged that she "discovered after review of her final bill from Ameren that the amount Defendants attempted to collect was higher than the amount of the final bill," [Doc. No. 1-1 at ¶ 14], and that "Defendants['] June 19 letter was thus false and misleading because it did not disclose that interest was accruing and would continue to accrue on Plaintiff's balance," [*id.* at ¶ 15], Plaintiff did not allege that Defendants (the debt collectors), as opposed to Ameren (the creditor), were seeking to collect this additional amount of interest and/or charges that Plaintiff might have to pay. [Doc. No. 20] [citing *Chuway*, 362 F.3d at 947].

Accordingly, this Court found that Plaintiff failed to state a claim for relief, granted Defendants' Motion to Dismiss, and afforded Plaintiff leave to amend her Complaint.

### 2. Plaintiff's Amended Complaint

Plaintiff's Amended Complaint specified that Defendants, CACi and Weiss (the debt collectors), as opposed to Ameren (the creditor), were seeking to collect the interest that accrued following the publication of the June 19, 2013 collection letter. [Doc. No. 21 at ¶ 14] ["Defendants, and not the original creditor or any other entity, were actively assessing and attempting to collect interest on the deb beyond what was factored into the amount due that Defendants listed on their letter."].

Thus, because Plaintiff has adequately cured the deficiency identified by this Court in granting Defendants' initial Motion to Dismiss, the Court must now address the issue of whether Defendants' failure to include language akin to *Miller's* "safe harbor" language in the June 19, 2013 debt collection letter, or some indication that the amount due listed in the letter is subject to still-accruing interest, could be found to violate Sections 1692g(a)(1) and 1692e(2)(A) of the FDCPA.

Since this Court issued its decision granting Defendant's motion to dismiss Plaintiff's initial Complaint with leave to amend, two colleagues in this District have held that plaintiffs in cases before them sufficiently stated claims for violations Section1692g(a)(1) and 1692e(2)(A). *Ray*, 2015 U.S. Dist. LEXIS 69391, at *15–17; *Wideman v. Kramer & Frank, P.C.*, 2015 U.S. Dist. LEXIS 47168, at *3–6 (E.D. Mo. Apr. 10, 2015). In *Wideman*, Judge Limbaugh, in denying the defendants' motion to dismiss, noted:

> Here, the issue is not simply whether the letter violated the FDCPA because it failed to state interest was accruing. Instead, plaintiff has alleged that the letter failed to state the correct amount of the debt because the balance stated in the letter had changed by the time plaintiff received the letter and defendants had failed to provide any information that the amount would, in fact, increase due to interest. In other words, plaintiff alleges that defendants have not complied with the FDCPA mandate that debt collectors accurately represent the amount and character of a debt they are attempting to collect. Specifically, under § 1692e(2)(A), a debt collector may not falsely represent "the character, amount, or legal status of any debt," or, under § 1692g(a)(1), fail to provide the consumer

> notice of the amount of the debt. . . . This Court finds that plaintiff's allegations
> are sufficient to state a claim that is plausible on its face for a violation of §
> 1692e(2)(A) and § 1692g(a)(1) of the FDCPA.

*Wideman*, 2015 U.S. Dist. LEXIS 47168, at *4–6. In *Ray*, Judge Hamilton adopted and followed this reasoning, also denying a motion to dismiss. *Ray*, 2015 U.S. Dist. LEXIS 69391, at *16–17. The Court finds *Wideman* and *Ray* to be soundly decided, highly persuasive, and directly on point to the present case—both factually and procedurally.

In *Gill v. Credit Bureau of Carbon County*, a recent case from the District of Colorado, the court identified "the precise question" before it as: "whether Defendant was required to disclose the effective date of the 'total Due' and that the amount of the Debt would increase due to interest." 2015 U.S. Dist. LEXIS 58759, at *13 (D. Colo. May 5, 2015). The *Gill* court noted that this question "has produced conflicting judicial opinions,"[3] and that it was "reluctant to lay down a bright-line rule that section 1692g(a)(2) requires a debt collector seeking to collect an interest-accruing debt to affirmatively disclose that the debt may increase due to interest or other charges." *Id.* at *13–14. The court then made an astute observation: "[in] nearly all of the cases finding that the FDCPA does not impose a duty to inform the consumer that the debt is accruing

---

[3] *Gill*, 2015 U.S. Dist. LEXIS 58759 (D. Colo. May 5, 2015) (comparing *Marucci v. Cawley & Bergmann, LLP*, 66 F. Supp. 3d 559, 565–67 (D.N.J. 2014); *Ivy v. Nations Recovery Ctr., Inc.*, 2012 U.S. Dist. LEXIS 78450, 2012 WL 2049387, at *1–2 (E.D. Tenn. June 6, 2012); *Stonecypher v. Finkelstein Kern Steinberg & Cunningham*, 2011 U.S. Dist. LEXIS 88319, 2011 WL 3489685, at *5 (E.D. Tenn. Aug. 9, 2011); *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397–98 (D. Conn. 2010); *Smith v. Lyons, Dought, & Veldhuius, P.C.*, 2008 U.S. Dist. LEXIS 56725, 2008 WL 28885887, at *6 (D.N.J. July 23, 2008); *Dragon v. I.C. Sys., Inc.*, 483 F. Supp. 2d 198, 203 (D. Conn. 2007); *Jackson v. Aman Collection Serv. Inc.*, 2001 U.S. Dist. LEXIS 22238, 2001 WL 1708829, at *3 (S.D. Ind. Dec. 14, 2001), with *Avila v. Riexinger & Assocs., LLC*, 2015 U.S. Dist. LEXIS 48926, 2015 WL 1731542, at *7 (E.D.N.Y Apr. 15, 2015); *Schaefer v. ARM Receivable Mgmt., Inc.*, 2011 U.S. Dist. LEXIS 77828, 2011 WL 2847768, at *5 (D. Mass. July 19, 2011); *Bodine v. First Nat. Collection Bureau, Inc.*, 2010 U.S. Dist. LEXIS 131352, 2010 WL 5149847, at *2 (D.N.J. Dec. 13, 2010); *Pifko v. CCB Credit Servs., Inc.*, 2010 U.S. Dist. LEXIS 69872, 2010 WL 2771832, at *3–4 (E.D.N.Y. July 7, 2010); *Adlam v. FMS, Inc.*, 2010 U.S. Dist. LEXIS 33433, 2010 WL 1328958, at *3 (S.D.N.Y. Apr. 5, 2010); *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009)).

interest . . . . the debt at issue was credit card debt," and "those courts distinguished the line of cases finding an affirmative duty to disclose the accrual of interest because 'even the most unsophisticated consumer would understand that credit card debt accrues interest.'" *Id.* at *14–15 (citing *Weiss*, 664 F. Supp. 2d at 217; *Avila*, 2015 U.S. Dist. LEXIS 48926, 2015 WL 1731542, at *6; *Schaefer*, 2011 U.S. Dist. LEXIS 77828, 2011 WL 2847768, at *5; *Pifko*, 2010 U.S. Dist. LEXIS 69872, 2010 WL 2771832, at *3; *Adlam*, 2010 U.S. Dist. LEXIS 33433, 2010 WL 1328958, at *3.

By contrast, the defendant in *Gill* "[did] not dispute that the original creditor on the accounts comprising the Debt never collected or attempted to collect interest from Plaintiff," and, therefore, "[the] Plaintiff had no prior notice that the amount of the Debt was likely to change due to accruing interest." *Id.* at *14. Plaintiff has alleged as much here,[4] and her allegations must be accepted as true at this stage of the proceedings. *Iqbal*, 556 U.S. at 679. Thus, as in *Gill*, it appears from Plaintiff's allegations that the facts of the present case are distinguishable from most cases finding no violation of Sections 1692g(a)(1) and 1692e(2)(A) of the FDCPA where the debt collector did not inform the debtor that the amount of debt listed in the collection letter was accruing debt because Ameren, the original creditor, never collected or attempted to collect interest from Plaintiff. Accordingly, Plaintiff appears to have had no prior notice that interest was likely to be charged on her debt, as distinguishable from credit card debt.

The Court in *Gill* ultimately granted summary judgment as to liability in the plaintiff's favor. 2015 U.S. Dist. LEXIS 58759, at *16. In doing so, the court noted that the collection letters in question "framed the amount of the Debt as 'Total[s] Due,' rather than 'outstanding balance' or 'current balance,'" and that "the 'Total[s] Due' did not have an 'as of' date, which might have signaled to Plaintiff that the Debt would increase if not paid in full within a certain

---

[4] *See* Doc. No. 21 at ¶¶ 12, 18–21.

amount of time." *Id.* at *15. The *Gill* court noted that this wording might lead "the least sophisticated consumer, who is both gullible and naïve," to "believe[] that he could pay the debt in full by remitting the 'Total Due[s]' in the Letters at any time after he received that letter." *Id.*

Again, as noted at the outset, neither party to this action has submitted the collection letter in question. It is of no moment, of course, because at this stage of the proceedings the Court considers only the pleadings. *Brooks*, 655 F.3d at 799.

Given that purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,'" *McIvor*, 773 F.3d at 913, every case brought under the FDCPA necessarily requires a fact specific inquiry and analysis. For this reason, bright line rules are difficult to establish in the context of the FDCPA. *See Gill*, 2015 U.S. Dist. LEXIS 58759, at *14.

Upon consideration of the pleadings in this case, and the facts alleged, the Court finds that Plaintiff has sufficiently stated a claim for violations of Sections 1692g(a)(1) and 1692e(2)(A) of the FDCPA in her First Amended Complaint. While this Court holds that such a claim requires an allegation that the debt collector defendant, and not the original creditor, is actively assessing interest and/or additional charges, *see Chuway*, 362 F.3d at 947, it would be highly improvident for this Court to establish a bright line rule that a debt collector assessing interest without specifying so in its collection letters is, as a matter of law, liable for violating Sections 1692g(a)(1) and 1692e(2)(A) of the FDCPA. That inquiry, both in these proceedings, and in future cases, will necessarily turn on the particular facts of the case.

**C.     15 U.S.C. § 1692f(1)**

Title 15 U.S.C. § 1692f(1) prohibits collection of an amount not expressly authorized by the agreement creating the debt and not permitted by law. Plaintiff alleges that "neither the

Defendants nor their client was in possession of the original contract or agreement that permitted the assessment of interest on Plaintiff's Ameren Missouri account, much less at the rate Defendants were assessing and attempting to collect," and that Defendants "were attempting to collect an amount not expressly authorized by the agreement that created Plaintiff's alleged debt." [Doc. No. 21 at ¶¶ 15–16]. "

Defendants counter that Plaintiff alleges only that the collection of interest was not "expressly authorized" in the alleged contract at issue, rather alleging that the contract expressly excluded the collection of interest. Defendants note that in Missouri, in the absence of a contractual exclusion:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

RSMo. 408.020.

Based on the applicable Missouri law, the Court finds that Plaintiff has failed to state a claim for a violation of Section 1692f(1) because Defendants did not require a contract to expressly authorize the assessment of interest on Plaintiff's past due debt.

### D. 15 U.S.C. § 1692d

Plaintiff's bare allegation that Defendants "[e]ngag[ed] in deceptive, harassing, and unfair conduct in the collection of a debt, including concealing the fact that interest was accruing on Plaintiffs' debts, while also continually driving up the amounts Plaintiffs owed which Defendants attempted to collect," is wholly insufficient to state a claim under the operative pleading standard. These are merely legal conclusions, unsupported by factual assertions. *Twombly*, 550 U.S. at 555, 557.

**Conclusion**

Based on the foregoing, the Court grants in part and denies in part Defendants' Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. No. 24] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion is **GRANTED** with respect to Plaintiff's claims under 15 U.S.C. §§ 1692f(1) and 1692d.

**IT IS FURTHER ORDERED** that Plaintiff's claims under 15 U.S.C. §§ 1692f(1) and 1692d are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendants' Motion is **DENIED** with respect Plaintiff's claims under 15 U.S.C. §§ 1692g(a)(1) and 1692e(2)(A).

Dated this 24th day of July, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE