# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONNA MAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV166 HEA |
| | ) |
| CONSUMER ADJUSTMENT | ) |
| COMPANY, INC., et al., | ) |
| | ) |
| Defendants, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, [Doc. No. 58]. Plaintiff opposes the Motion. For the reasons set forth below, the Motions is granted in part. This matter will be remanded to the Circuit Court of Jefferson County.

## Procedural Background

Plaintiff Donna May filed this putative class action in the Circuit Court of Jefferson County, alleging that Defendants Consumer Adjustment Company, Inc. ("CACi") and Roger Weiss violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by sending Plaintiff a collection letter for her overdue utility bill that stated the full amount of the debt without informing her that the amount owed included interest, and that the interest would continue to accrue until the debt was paid. Plaintiff alleges that Defendants, who are "debt

collectors," as defined by the FDCPA, attempted to collect a debt that arose from utilities provided by Ameren Missouri.

On February 5, 2015 the Court granted Defendants' Motion to Dismiss, and dismissed Plaintiff's Complaint, with leave to amend. Plaintiff filed her Amended Complaint on February 19, 2015, and Defendants again request dismissal. On July 24, 2015, the Court granted in part and denied in part Defendant's Motion. Defendants now move for dismissal for lack of subject matter jurisdiction. Plaintiff opposes the motion and also argues that if the Court concludes it lacks subject matter jurisdiction, Defendants should have sought remand, not dismissal.

## Factual Background[1]

Plaintiff allegedly incurred a debt to Ameren Missouri. Ameren hired Defendant CACi, to collect the debt. Defendant Weiss is CACi's principal officer. Defendants sent Plaintiff a collection letter dated June 19, 2013 stating that she owed $495.02. Defendants did not provide Plaintiff any indication that the amount Plaintiff purportedly owed, and for which Defendants were demanding payment, would change for any reason. In reality, Defendants, and not Ameren as the original creditor, were actively assessing and attempting to collect interest on the debt beyond what was factored into the amount due that Defendants listed on their collection letter. Plaintiff alleges that at the time Defendants sent the collection letter, neither Defendants nor Ameren was in possession of the original contract or

---

[1] The recitation of facts is taken from Plaintiff's First Amended Complaint and are taken as true for the purposes of this motion. Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.

agreement that permitted the assessment of interest on Plaintiff's Ameren account, much less at the rate Defendants were assessing and attempting to collect.

After receiving Defendants' collection letter, Plaintiff compared the amount Defendants were attempting to collect with the last bill she received from Ameren a few days prior. The Ameren bill stated that Plaintiff was only obligated to pay $493.92. On July 9, 2013, Plaintiff called CACi to inquire why the two amounts were different. During the call, a representative of Defendants admitted to charging interest, and attempted to collect an amount in excess of the balance disclosed within the June 19, 2013 collection letter—approximately $497. Because interest was constantly accruing, the amount Defendants were attempting to collect in the June 19, 2013 collection, $495.02, was less than the amount Defendants were attempting to collect from Plaintiff on the day she received the letter.

**Standard**

"[F]ederal courts are courts of limited jurisdiction." *Dakota, Minnesota & E.R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013) (citations omitted). The party invoking federal jurisdiction has the burden of establishing that it exists. *Id.*; *see also Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013); *Bowe v. Nw. Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir. 1992). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better*

*Env't*, 523 U.S. 83, 94 (1998). The Court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 458 (8th Cir. 1985) (citation omitted).

The "irreducible constitutional minimum" of standing has three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61; *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). Defendants argue that Plaintiff has failed to demonstrate an injury in fact sufficient for the Court to confer standing.

To establish injury in fact, a plaintiff must show he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 (internal quotation marks omitted)). *Spokeo* presented the question "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."

Questions Presented, *Spokeo, Inc. v. Robins*, No. 13–1339 (U.S.), *available at* https://www.supremecourt.gov/qp/13–01339qp.pdf. The plaintiff in *Spokeo* alleged the defendant violated the FCRA and sought to represent a class of similarly situated individuals. *Spokeo*, 136 S. Ct. at 1544.

The Supreme Court reiterated "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 1547–48 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)). The injury must be "concrete *and* particularized," and "[a] concrete injury must be *de facto*, that is, it must actually exist." *Id.* at 1548 (internal quotations omitted) (emphasis in original). Concrete "is not, however, necessarily synonymous with tangible," and "intangible injuries can nevertheless be concrete." *Id.* at 1549 (internal quotations omitted). To determine whether an intangible harm is sufficiently concrete to confer standing, "both history and judgment of Congress play important roles." *Id.* If the "alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," the intangible harm may satisfy the injury in fact requirement. *Id.* While Congress may elevate *de facto* injuries to legally cognizable status, this does not mean "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."

*Id.* A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* The Eighth Circuit recently addressed *Spokeo*'s impact in Braitberg *v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016). The Court recognized *Spokeo* rejected the "absolute view" that "the actual-injury requirement may be satisfied *solely* by the invasion of a legal right that Congress *created*." *Id.* (quoting *Hammer v. Sam's E., Inc.*, 754 F.3d 492, 498–99 (8th Cir. 2014) (emphasis in original)). The Court found the plaintiff failed to establish an injury in fact because the plaintiff alleged only a statutory violation of the "duty to destroy personally identifiable information by retaining certain information longer than the company should have kept it." *Id.* There was no allegation the company disclosed the information to a third party, allowed a third party to access the information, or the company used the information in any way. *Id.* Moreover, there was no showing of "material risk of harm from the retention." *Id.* The complaint alleged only "a bare procedural violation, divorced from any concrete harm," and was therefore properly dismissed by the district court. *Id.* at 930–31 (quoting *Spokeo*, 136 S. Ct. at 1549).

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Plaintiff's Amended Complaint alleges Defendants failed to disclose that the amount they sought to collect included interest and that the interest continued to accrue. Similar to *Braitberg*, Plaintiff alleges no actual harm from this lack of disclosure. Plaintiff alleges only a statutory violation without any actual or imminent concrete harm.

A violation of the FDCPA alone, however, does not automatically amount to an injury in fact. *See Spokeo*, 136 S.Ct. at 1549 ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."). "[A] bare procedural violation [of a statute], divorced from any concrete harm" cannot confer Article III standing. *Id.* For example, the *Spokeo* Court stated that even if a consumer reporting agency violated the Fair Credit Reporting Act by "fail[ing] to provide the required notice to a user of the agency's consumer information," no concrete harm would result if that information was in fact accurate. *Id.* at 1550. Similarly, the Court remarked "[i]t is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id.* (footnote omitted). In other words, not all failures to give statutorily mandated notice or accurate information "cause harm or present any material risk of harm." *Id.*

In light of *Spokeo* and *Braitberg*, without a showing of concrete harm, Plaintiff fails to establish she suffers an injury in fact sufficient to confer standing. As such, Plaintiff fails to establish Article III standing.

Plaintiff does not argue she suffered any concrete harm from the failure to disclose the "accurate amount" of the debt, *i.e.* the principal plus accruing interest. The Amended Complaint clearly sets out that Plaintiff was advised that interest was continuing to accrue after Plaintiff questioned the amount of the alleged debt. This fact pattern falls within the Supreme Court's illustration of a statutory violation that would not amount to concrete injury. *See Spokeo*, 136 S.Ct. at 1550 ("A violation of one of the [Fair Credit Reporting Act]'s procedural requirements may result in no harm.)

Like the Eighth Circuit in *Braitberg*, other courts analyzing the injury-in-fact element following *Spokeo* have reached similar conclusions when a plaintiff alleges statutory violations, but lacks an additional injury. *See Wheeler v. Am. Profit Recovery, Inc.,* No. 4:15CV368 RLW, 2017 WL 44585 (E.D. Mo. Jan. 3, 2017),  *Boergert v. Kelly Servs., Inc.,* No. 2:15-CV-04185-NKL, 2016 WL 6693104, at *1–5 (W.D. Mo. Nov. 14, 2016),  *Detter v. KeyBank N.A.,* No. 16-00498-CV-W-ODS, 2016 WL 6699283(W.D. Mo. Nov. 14, 2016), *Hancock v. Urban Outfitters, Inc.*, No. 14–7047, 2016 WL 3996710, at *2–3 (D.C.Cir. July 26, 2016) (holding allegations that defendant violated the D.C. Consumer Identification Information Act and the D.C. Consumer Protection Procedures Act

by requesting customers' zip codes in connection with credit card purchases is not a concrete Article III injury because "[the complaint] fails to allege that [plaintiffs] suffered any cognizable injury as a result of the zip code disclosures"); *Fisher v. Enter. Holdings, Inc.*, No. 4:15CV00372, 2016 WL 4665899, at *4 (E.D.Mo. Sept. 7, 2016) (finding allegations that a prospective employer violated the Fair Credit Reporting Act by obtaining a consumer report on the plaintiff without giving proper notice is not a concrete injury because "[a]ll [p]laintiff alleges is that the ... disclosure ... did not comply with the statute at issue"); *Groshek v. Time Warner Cable, Inc.*, No. 15–C–157, 2016 WL 4203506, at *2–3 (E.D.Wis. Aug. 9, 2016) (finding allegations that a prospective employer violated the Fair Credit Reporting Act by obtaining a consumer information report on the plaintiff without giving him notice is not by itself a sufficiently concrete injury); *Romero v. Dep't Stores Nat'l Bank*, No. 15–CV–193, 2016 WL 4184099, at *4–6 (S.D.Cal. Aug. 5, 2016) (holding that a debt collector placing a phone call using an automated telephone dialing system is "merely a procedural violation" of the Telephone Consumer Protection Act that does not by itself result in concrete harm); *Gubala v. Time Warner Cable, Inc.*, No. 15–cv–1078, 2016 WL 3390415, at *4–5 (E.D.Wis. June 16, 2016) (holding that a plaintiff does not suffer a concrete injury when his only alleged harm is that a cable company retained his personally identifiable information in violation of the Cable Communications Policy Act); *Smith v. Ohio State Univ.*, No. 2:15–CV–3030, 2016 WL 3182675, at *4 (S.D.Ohio June 8, 2016)

(dismissing plaintiffs' claims for violations of the Fair Credit Reporting Act's disclosure requirements because plaintiffs "did not suffer a concrete consequential damage as a result of [the defendant]'s alleged breach of the [Fair Credit Reporting Act]"); *Khan v. Children's Nat'l Health Sys.*, No. TDC–15–2125, 2016 WL 2946165, at *7 (D.Md. May 19, 2016) (finding allegations that defendants violated the Maryland Consumer Protection Act and the D.C. Consumer Protection Procedures Act were bare procedural violations that did not result in standing because the plaintiffs "failed to connect the alleged statutory ... violations to a concrete harm").

Like the plaintiffs in the above cases, Plaintiff's only allegations are statutory procedural violations. Although she claims to suffer both real harm and the risk of future harm as a result of these violations, the Court finds such claims here are insufficient to establish concrete injury.

After a Court determines a plaintiff lacks standing in a case originally filed in federal court, the appropriate remedy is generally to dismiss the case without prejudice. *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014). In the event a case is removed to federal court and the Court determines the plaintiff lacks standing, the Court must remand the case to the state court where it was originally filed. *Id.*; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded."); *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 993 (8th Cir. 2016).

## CONCLUSION

Violations of the FDCPA disclosure requirements in may result in concrete injuries. However, Plaintiff alleges no such injury. Instead, her only alleged injury is that Defendants failed to include in the collection letter that interest was continuing to accrue. Such a bare procedural violation alone does not constitute an intangible harm that satisfies the injury-in-fact requirement. Without further alleging a concrete and particularized injury as a result of the FDCPA violations, Plaintiff's claims are insufficient for Article III standing. Consequently, her class-action complaint is subject to dismissal pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) ("That a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.' " (quoting *Warth*, 422 U.S. at 502, 95 S.Ct. 2197)).

Because Defendants removed this action from the Circuit Court of Jefferson County, Missouri, this matter must be remanded rather than dismissed. For the foregoing reasons, Defendants Motion to Dismiss for Lack of Standing is well

taken, however, since the matter was removed from the State Court, it must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 58], is granted in part.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for Jefferson County, Missouri.

Dated this 19th day of January, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE